[Civ. No. 4433. First Appellate District, Division Two.—April 9, 1923.]

## LEVON S. SETRAKIAN, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO NIGHT WATCHMAN—PERSONAL ATTACK—RIGHT TO COMPENSATION.—In this proceeding in *certiorari* to annul an order denying compensation for an injury suffered by a night watchman from a personal attack after he had crossed the street to a poolroom to secure matches to light his lantern, the facts and circumstances furnish no basis for a reasonable inference that the petitioner was attacked because he was a night watchman, nor that his injury arose out of his employment.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission. Order sustained.

The facts are stated in the opinion of the court.

Chester H. Warlow for Petitioner.

A. E. Graupner for Respondents.

---

1. Whether injuries from assault are injuries arising out of and in the course of employment, notes, Ann. Cas. 1915A, 126; Ann. Cas. 1918B, 768; 15 A. L. R. 589; 21 A. L. R. 758; L. R. A. 1918E, 498.

LANGDON, P. J.—This matter comes before us upon a writ of review. Appellant seeks to annul an order of the Industrial Accident Commission made herein, denying him compensation for an injury suffered by him.

The Industrial Accident Commission found that the evidence was insufficient to establish the fact that such injury arose out of the employment. The correctness of this finding is the only question presented to us upon this record. The facts are practically undisputed. Appellant was employed at Fresno, California, as a night watchman by the defendant California Peach & Fig Growers, a corporation. That corporation had owned a packing plant in the city of Fresno, which had been partially destroyed by fire. In the ruins were figs and other salvage. Appellant and another man were engaged to patrol the plant during the night and to see that none of the property of the corporation was carried away. On the evening of April 10, 1922, according to the testimony of the applicant before the Industrial Accident Commission, he left the premises of his employer about 8 o'clock in the evening and went to a near-by store to purchase coal-oil for his lantern. This was one of his customary duties. He returned to the packing plant with the coal-oil and found that neither he nor the other watchman had any matches with which to light their lanterns. He thereupon crossed the street to a poolroom to secure matches. The street in front of the poolroom was well lighted and there were a number of persons about. The following is an account of the attack upon appellant, told in his own language: "Q. Had you gone to the pool-hall and got the matches? A. No, I had not left the sidewalk. I looked around and saw the four guys standing there. I walked to the front of the pool-hall, but the fellow was busy fixing the balls for the boys for pool, so I stood there a minute to see if these fellows came out and to see if I could get my matches, but there was nobody there and when I was going to make my turn to go back I felt someone in back of me. I stopped a minute and I looked to see if the guys came out. I was going to the back of the plant again and at the same time some guy strike me and jar me one side. I turned around to strike and I see blood on my face. I run clear to the corner after him from the pool-hall. When I run after him he run into another man. By the time I

got to the corner I ask the man if he see the other man and he said no, not his face, and the fellow run around the alley.''

Upon examination, it was found that a gash had been cut in appellant's cheek, from his ear to his chin.

Appellant's position before us is that upon proving he was a night watchman, he brought himself within a special rule of law requiring the defendant to prove that the injury did not arise out of the employment, and that it was not the duty of appellant to prove that it arose out of his employment. In other words, it is maintained that because of the nature of the duties of a night watchman, and his special exposure to felonious attacks, there is a presumption in his favor that any attack upon him arises out of his employment and that presumption must be met by the defendant with affirmative proof that the injury did not arise out of the employment. It is contended that as such proof was not made by the defendants, the unrebutted presumption warrants a finding in favor of appellant on this subject.

[1] There are no presumptions in this state except those enumerated in our Code of Civil Procedure. (*Davis* v. *Hearst*, 160 Cal. 143, 176 [116 Pac. 530].) It is, of course, the rule that in the absence of positive proof that such an injury as we are considering here arose out of the employment, the Industrial Accident Commission might, in certain cases, reasonably infer from the nature of the employment of the applicant and the facts and circumstances surrounding the attack, that the injury occurred as the result of an attack made upon applicant in his capacity as an employee and arose out of the employment. Where such an inference would be a reasonable one from the facts and circumstances and the nature of the employment, a finding based thereon could not be disturbed by this court, for we are bound by findings of fact made by the Industrial Accident Commission whenever there is any substantial evidence to support the same. But the present case, in all respects, presents a different situation. The facts and circumstances surrounding the attack furnish no basis for a reasonable inference that appellant was attacked because he was a night watchman, nor that his injury arose out of his employment, within the meaning of that phrase as repeatedly defined in this state, and the finding of the Industrial Accident Com-

mission is that it did not so arise. There is neither evidence nor reasonable inference from the facts presented before the said commission to warrant a different finding upon this vital question. The order of the Industrial Accident Commission denying plaintiff compensation must be sustained. It is so ordered.

Sturtevant, J., and Nourse, J., concurred.